UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 - 10041 PBS

MAGISTRATE JUDGE Alexander

|   |   |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| USCO DISTRIBUTION SERVICES, INC., a/k/a USCO LOGISTICS SERVICES, INC. | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, brought on behalf of the New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid and delinquent contributions.

2. This court has jurisdiction pursuant to 29 U.S.C. §1132(e)(1) and venue lies in this district pursuant to 29 U.S.C. §1132(e)(2).

3. Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A), and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3).

4. The Pension Fund has its principal office at and is administered from 535 Boylston Street, Boston, Massachusetts 02116-3770.

5.  USCO Distribution Services, Inc., is also known as USCO Logistics Services, Inc.

6.  Defendant USCO Distribution Services, Inc., is an employer with a business address at 22 Spencer Street, Naugatuck, CT 06770 and a registered office at 101 Federal Street, Boston, MA 02110, and is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §142(1) and §152(2), (6), (7).

7.  International Brotherhood of Teamsters, Local Union 25 (hereinafter "Local 25") is a "labor organization" within the meaning of 29 U.S.C. §152(5).

8.  International Brotherhood of Teamsters, Local Union 829 (hereinafter "Local 829") is a "labor organization" within the meaning of 29 U.S.C. §152(5).

9.  At all material times, Defendant has been obligated by the terms of one or more collective bargaining agreements between Defendant and Teamsters Local 25, and between Defendant and Teamsters Local Union 829 covering Defendant's bargaining unit employees at its facility at 12 Forge Park Drive, Franklin, MA, and by the terms of an Agreement and Declaration of Trust to which Defendant is bound to make contributions on behalf of certain employees to the Pension Fund and to pay late charges for contributions not timely paid pursuant to the terms of the Agreement.

## COUNT I

10. The collective bargaining agreement between Defendant and Local 829 with effective dates of September 1, 1996 to August 31, 2001, required Defendant to make payments to the New England Teamsters and Trucking Industry Pension Fund for each and every employee performing work within the scope of and/or covered by the collective bargaining agreement, including regular, probationary, temporary, and

casual employees, irrespective of an employee's status as a member or non-member of Local 829.

11. On April 5, 2001, the Pension Fund conducted a payroll audit of Defendant for the years 1997 through 2000. Included within the audit were temporary employees performing work for Defendant within the scope of the collective bargaining agreement between Defendant and Local 829.

12. Defendant has failed to make required contributions to the Pension Fund pursuant to the April 5, 2001 payroll audit, in violation of Section 515 of ERISA, 29 U.S.C. §1145.

## COUNT II

13. Plaintiff hereby incorporates by reference as if set forth herein paragraphs 1-12 of this Complaint.

14. The payroll records provided by Defendant in response to the audit conducted by the Pension Fund on April 5, 2001, were not complete with respect to Defendant's temporary employees.

## COUNT III

15. Defendant and International Brotherhood of Teamsters, Local No. 25 are parties to a collective bargaining agreement with effective dates of September 1, 2001 to August 31, 2006.

16. The September 1, 2001-August 31, 2006 collective bargaining agreement between Defendant and Local 25 requires Defendant to make payments to the New England Teamsters and Trucking Industry Pension Fund for each and every employee performing work within the scope of and/or covered by the collective bargaining

agreement, including regular, probationary, temporary, and casual employees, irrespective of an employee's status as a member or non-member of Local 25.

17. Since on or about January 1, 1997 and continuing to the present, Defendant has failed to make payments to the Pension Fund for temporary employees performing work for Defendant within the scope of the collective bargaining agreement, in violation of Section 515 of ERISA, 29 U.S.C. §1145.

**WHEREFORE**, Plaintiff demands that judgment enter against Defendant in accordance with Section 502 of ERISA, 29 U.S.C. §1132(g)(2):

1. By awarding the Pension Fund the following amounts:

   a. the unpaid contributions from January 1, 1997 to December 31, 2000 pursuant to the April 5, 2001 audit in the amount of $20,177.06;

   b. the unpaid contributions for temporary employees from January 1, 1997 to the present;

   c. interest on the unpaid contributions;

   d. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions;

   e. an order requiring Defendant to provide Plaintiff with all documents pertaining to Defendant's employment of temporary employees performing work within the scope of collective bargaining agreements between Defendant and International Brotherhood of Teamsters, Local 25 and International Brotherhood of Teamsters, Local 829, from January 1, 1997 to the present;

   f. an order requiring Defendant to make contributions in the future to the New England Teamsters & Trucking Industry Pension Fund for all temporary

employees performing work within the scope of collective bargaining agreements between Defendant and International Brotherhood of Teamsters, Local 25 and International Brotherhood of Teamsters, Local 829;

g. all costs and reasonable attorney fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this Court may deem just and proper.

Dated: January __7__, 2004

Respectfully submitted,

Catherine M. Campbell
BBO #549397
Jonathan M. Conti
BBO # 657163
FEINBERG, CAMPBELL & ZACK, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

_____
Attorneys for Plaintiff Charles Langone,
Fund Manager

### CERTIFICATE OF SERVICE

I, Jonathan M. Conti, hereby certify that I caused a copy of the foregoing be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

Date: January 7, 2004

_____
Jonathan M. Conti

5