UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER for the NEW ENGLAND TEAMSTERS and TRUCKING INDUSTRY PENSION FUND, Plaintiff,<br><br>v.<br><br>USCO DISTRIBUTION SERVICES, INC. a/k/a USCO LOGISTICS SERVICES, INC. Defendant. | Civil Action No. 04-10041-PBS |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT USCO DISTRIBUTION SERVICES

The defendant USCO Distribution Services, Inc. ("USCO" or "defendant")[1] hereby responds to the Complaint filed against it by Charles Langone, as Fund Manger for the New England Teamsters and Trucking Industry Pension Fund ("plaintiff") as follows:

1.      Paragraph 1 is a summary of plaintiff's claim to which no response is required. To the extent a response is required, defendant denies same.

2.      Paragraph 2 states a conclusion of law to which no response is required. To the extent a response is required, defendant denies same.

3.      Paragraph 3 states a conclusion of law to which no response is required. To the extent a response is required, defendant denies same.

4.      Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 4.

5.      Defendant denies the allegations in paragraph 5 of the Complaint. Answering further, Defendant refers to footnote 1 of this Answer and Affirmative Defenses.

---

[1] USCO recently changed its name to Kuehne & Nagel.

6.     Defendant admits that its business address is 22 Spencer Street, Naugatuck, CT 06770. Defendant denies that it maintains a registered office at 101 Federal Street, Boston, MA 02110. The remaining allegations contained in Paragraph 6 are conclusions of law to which no response is required. To the extent a response is required, defendant denies same.

7.     Paragraph 7 states a conclusion of law to which no response is required. To the extent a response is required, defendant denies same.

8.     Paragraph 8 states a conclusion of law to which no response is required. To the extent a response is required, defendant denies same.

9.     Paragraph 9 purports to describe the contents of a document, the terms of which speak for themselves. Otherwise, defendant denies the allegations contained in paragraph 9.

<u>COUNT I</u>

10.     Paragraph 10 purports to describe the contents of a document, the terms of which speak for themselves. Otherwise, defendant denies the allegations contained in paragraph 10.

11.     Defendant admits that on or about April 5, 2001, the Pension Fund conducted a payroll audit for the years 1997 through 2000. Defendant is without information sufficient to form a belief as to the remaining allegations contained in paragraph 11.

12.     Defendant denies the allegations contained in paragraph 12.

2

COUNT II

13.     Defendant incorporates its responses to paragraphs 1 through 12 as if fully set forth herein.

14.     Defendant denies the allegations contained in paragraph 14.

COUNT III

15.     Defendant admits the allegations contained in paragraph 15.

16.     Paragraph 16 purports to describe the contents of a document, the terms of which speak for themselves. Otherwise, defendant denies the allegations contained in paragraph 16.

17.     Paragraph 17 states a conclusion of law to which no response is required. To the extent a response is required, defendant denies same.

FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred by the doctrines of laches, waiver and estoppel.

THIRD AFFIRMATIVE DEFENSE

No relief is available to plaintiff because the temporary workers utilized by defendant are not employees under the terms of the Collective Bargaining Agreement.

FOURTH AFFIRMATIVE DEFENSE

No relief is available to plaintiff because the terms of the Collective Bargaining Agreement do not permit contributions to the pension fund for temporary workers.

## FIFTH AFFIRMATIVE DEFENSE

Defendant expressly reserves the right to assert such additional affirmative defenses as may become appropriate in the future.

Respectfully submitted,

USCO DISTRIBUTION SERVICES, INC.,
a/k/a USCO LOGISTICS SERVICES, INC.

By its attorneys,

Gregory C. Keating (BBO # 564523)
LITTLER MENDELSON P.C.
225 Franklin Street
26th Floor
Boston, MA  02110
Telephone:  (617) 217-2048

Dated:  March 29, 2004

Boston:820.1 016853.1000

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney on record for each other party by Overnight mail/hand delivery on: 3/25/04

4