UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>     Plaintiff,<br>v.<br><br>USCO DISTRIBUTION SERVICES, INC. a/k/a USCO LOGISTICS SERVICES, INC.<br><br>     Defendant. | C.A. No. 04cv10041 |

**DEFENDANT USCO DISTRIBUTION SERVICES, INC.'S OPPOSITION TO EMERGENCY MOTION FOR EXTENSION OF TIME FOR CONDUCTING DEPOSITIONS AND FOR FILING DISPOSITIVE MOTIONS**

I. **Introduction**

Defendant USCO Distribution Services Inc. ("USCO") opposes the Emergency Motion for Extension of Time for Conducting Depositions and for Filing Dispositive Motions, filed by the Plaintiff, Charles Langone (hereinafter "the Fund"). The Fund's Motion, served and filed on the eve of the expiration of an already-amended scheduling order, comes weeks after the Court-ordered deadline to conduct depositions, and months after the Fund received this Court's scheduling order. Granting the Motion would prejudice USCO, which has actively proceeded throughout the discovery period in good faith, and has essentially completed its summary judgment motion, which is due in less than two weeks. The Fund has not established "good cause" under Fed. R. Civ. P. 16(b) and therefore is not entitled to an extension of time for conducting discovery and for filing dispositive depositions. For these reasons, and those set forth below, this Court should deny the Fund's Motion.

## II. **Factual Background**

In January 2004, the Fund brought this suit against USCO for payments the Fund alleges USCO should have made to the Fund for certain temporary workers that performed services for USCO. In May 2004, the parties came before this Honorable Court for a scheduling conference. At this conference, the Court indicated that it saw the dispute as primarily legal in nature, stayed damages discovery, and indicated that its scheduling order, and deposition deadlines, would be short.

The Court issued a scheduling order on June 1, 2004. This Order required the parties to exchange and file their automatic disclosures within 30 days. The parties filed and exchanged their disclosures on July 1. The Order also required the parties to complete deposition discovery by August 31, and file their Motions for Summary Judgment by September 15, 2004.

In its initial disclosures, USCO identified two individuals with knowledge of facts pertinent to the action: Eric Peterson, whom USCO stated had knowledge regarding the process by which lapse notices for disability policies are generated and sent, and Steven Cooke, whom USCO identified as having knowledge regarding the handling of Mr. Langone's claim for benefits. The Fund identified Mr. Langone as one of the individuals with knowledge of facts pertinent to the action.

USCO proceeded to conduct discovery in accordance with the Court's scheduling order. In early July, USCO timely propounded written discovery upon the Fund. On August 18, nearly two weeks before the Court-ordered August 31st deadline for completion of depositions, USCO noticed the deposition of Mr. Langone. Counsel for the Fund, however, requested that USCO agree to extend the deadline for completion of

depositions because, he said, Mr. Langone was not available before the deadline expired. In the spirit of cooperation, USCO agreed to the Fund's request. As grounds for the Joint Motion for Extension of Time for Conducting Depositions and for Filing Dispositive Motions, the parties specifically identified Mr. Langone's unavailability for his timely noticed deposition prior to the deadline. The Joint Motion to Extend filed on August 23 extended the deadline to conduct Mr. Langone's deposition until September 20, and the deadline to file dispositive motions until October 1.

<u>At no time</u> prior to Friday, September 17 did the Fund indicate that it wished to conduct any discovery of any sort, including depositions. The Fund has done no written discovery. Nonetheless, weeks after the August 31 deadline for conducting depositions had passed and just one business day before the expiration of the deadline intended to allow the parties to conduct Mr. Langone's deposition, counsel for the Fund telephoned counsel for USCO requesting to either extend the deadlines yet again, or take the deposition of Mr. Cooke on the date of the deadline, Monday, September 20. In this telephone call, the Fund indicated that it might be interested in deposing Mr. Peterson as well. When USCO refused to agree to yet another extension of deadlines, it received the Fund's "emergency" Motion a few hours later.

Since filing the Joint Motion to Extend deadlines on August 23, USCO has spent weeks preparing its Motion for Summary Judgment. USCO's Motion for Summary Judgment is now nearly completed.

## II.   Argument

This Court should deny the Fund's "emergency" Motion because the Fund has not established "good cause," has shown no regard for the Court's scheduling order, and because the Fund's latest request for an extension is prejudicial to USCO.

Pursuant to Fed. R. Civ. P. 16(b), a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." "[T]he focus of the 'good cause' inquiry must be on the reasons for the failure of appellants' original attorneys to meet the scheduling order deadline." Ruiz-Rivera v. IRS, 93 Fed. Appx. 244, 247 (1st Cir. 2004) (affirming lower court's ruling where party made no showing of good cause). Moreover, "[w]here, as here, a trial court is faced with flagrant disregard of a pretrial order, the court is authorized, either upon motion or *sua sponte*, to 'make such orders with regard thereto as are just.'" Velez v. Awning Windows, Inc., 375 F.3d 35 (1st Cir. 2004) (quoting Fed. R. Civ. P. 16(f), Court upheld trial court's sanctions against defendants for disregarding scheduling order deadlines). Finally, "the good cause test requires that the deadline in the scheduling order may not reasonably be met, despite the diligence of the party seeking the extension." Cabana v. Forcier, 200 F.R.D. 9, 16-17 (D. Mass. 2001) (denying motion for extension because the issue for which the extension was sought "should have been clear . . . from the inception of the instant suit").

The Fund has made no showing of "good cause" entitling it to a *second* extension of the scheduling order deadlines in this case.[1] As grounds for this "emergency" Motion,

---

[1] USCO's position is that the first extension of the deadline in which to conduct depositions to which it agreed (and which was filed on August 23, 2004) was limited in scope to the deposition of Mr. Langone. Therefore, since the deadline for conducting discovery expired on August 31, 2004, the Fund's current notices of deposition for Messrs. Peterson and Cooke are weeks late. However, even if this Court finds that the Joint Motion to Extend extended the deadline to conduct all depositions until September 20, the Fund cannot satisfy its burden of showing "good cause" under Rule 16(b) since it did nothing during the entire discovery period and since its reasons for the late notices do not rise to the level of "good cause."

the Fund contends that its counsel was out of the office for several days following the Defendant's September 9, 2004 deposition of Mr. Langone "and has been involved in litigation involving other clients for the past week, preventing him from scheduling a deposition during that time." Simply being too busy is not "good cause" under Rule 16(b) for failing to abide by a court-ordered discovery deadline. See Bello v. Bank of Am. Corp., 230 F. Supp.2d 341, 348 (D. Md. 2004) (denying plaintiff's motion for an extension of the discovery deadlines, made on the day of the deadline in the scheduling order, because the justifications of the plaintiff's attorney for his late request were that he was busy with other matters and that the discovery period fell within counsel's vacation time); see also Zingerman v. Freeman Decorating Co., 99 Fed. Appx. 70, 72-73 (7th Cir. 2004) (where party "put off deposing key witnesses until the eleventh hour," appeals court affirmed trial court's denial of the party's motion to extend, filed after the deadline, even where one reason for the extension request was the death of the mother of one of the attorneys of record). Therefore, the Fund's excuse in this regard fails.

The Fund also cannot credibly allege that it has been diligent in conducting discovery. The Fund conducted no discovery during the two month-long discovery period. Until the day before the latest deadline for conducting depositions arrived, the Fund never even intimated that it wished to conduct discovery, despite the fact that USCO propounded upon the Fund written and document discovery, and deposed Mr. Langone, the Fund's manager and named plaintiff. The Fund's behavior during discovery belies any allegation that it was "diligent" in abiding by the Court's scheduling order. Cabana, 200 F.R.D. at 16-17.

The Fund's other grounds for this Motion, that it "recently learned that Mr. Peterson and Mr. Cooke have additional knowledge concerning the merits of this case beyond that described by the Defendant in its Rule 26 Initial Disclosures," is neither credible nor sufficient to constitute "good cause." The Fund failed to explain what "additional knowledge" Messrs. Peterson and Cooke allegedly have about the case. Moreover, given that USCO identified them in its initial disclosures, the Fund has known for months that Messrs. Peterson and Cooke had knowledge relevant to this case. Cabana, 200 F.R.D. at 16-17. The Fund had months during which to conduct discovery, yet it chose not to conduct any. Allowing the Fund to extend the discovery and dispositive motion deadlines a second time, at this late date, would reward the Fund for sitting on its hands.

Finally, were this Court to grant this emergency Motion, it will be prejudicial to USCO. USCO has actively conducted discovery throughout the discovery period, and has already once accommodated to the Fund's inability to abide by this Court's original scheduling order. So that it could depose Mr. Langone, and as a show of good faith, USCO agreed to extend the period during which depositions could be taken because the Fund contended that Mr. Langone was not available for a deposition in the two weeks before the original deadline, August 31 (despite USCO's timely notice of deposition). As the new October 1 deadline for filing Motions for Summary Judgment approaches, USCO has diligently worked to complete its motion in light of the discovery it has completed (and in light of the Fund's failure to conduct any discovery at all). At this point, USCO has nearly completed its Motion. Should the Fund be allowed to conduct discovery at this late date, after the expiration of not one but two deadlines for discovery,

and muddle the record with new "facts" discerned at depositions the Fund could have taken months ago, USCO will be prejudiced. This Court should therefore deny the Fund's pending emergency Motion.

### III. Conclusion

For the reasons set forth above, USCO respectfully requests that this Court deny the Fund's Emergency Motion for an Extension of Time for Conducting Depositions and for Filing Dispositive Motions. The Fund has not satisfied Rule 16(b) and granting its Motion would be prejudicial to USCO.

September 20, 2004

USCO DISTRIBUTION SERVICES, INC.

By its attorneys,

_____
Gregory C. Keating (BBO No. 564523)
Amy L. Nash (BBO No. 647304)
LITTLER MENDELSON P.C.
225 Franklin Street, 26th Floor
Boston, MA 02110
(617) 217-2048

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney on record for each other party by mail/hand delivery on 9/20/04
_____