UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 OCT 22  P 4: 02

U.S. DISTRICT COURT
DISTRICT OF MASS.

CHARLES LANGONE, as FUND MANAGER )
of the NEW ENGLAND TEAMSTERS AND )
TRUCKING INDUSTRY PENSION FUND )
)
Plaintiff, )
v. )  C.A. No. 04cv10041 PBS
)
USCO DISTRIBUTION SERVICES, INC., )
a/k/a USCO LOGISTICS SERVICES, INC. )
)
Defendant. )

## AFFIDAVIT OF ARTHUR J. LAZAZZERO

Arthur J. Lazazzero deposes and states as follows:

1. My name is Arthur J. Lazazzero and I am a Business Agent and Trustee for Teamsters Local 25, hereinafter referred to as "Local 25". My office address is 544 Main Street, Boston, Massachusetts 02129.

2. From 1991 to 1997, I served as a Business Agent for the International Brotherhood of Teamsters, Chauffeurs, and Warehouse Employees and Helpers Union, Local Union 829, hereinafter referred to as "Local 829". From 1998 to March 2000, I held the position of Principal Officer/Secretary-Treasurer of Local 829.

3. While a Business Agent and later as Principal Officer/Secretary-Treasurer of Local 829, I represented all warehouse employees below the grade of supervisory foreman at USCO Distributions Services, Inc., a/k/a USCO

1

10. Article 2 of the 2001-2006 agreement recognizes Local 25 as the exclusive bargaining representative of all employees covered by the agreement, and provides that the agreement covers "All Warehouse Employees below the grade of Supervisory Foreman, with the exception of Office Help."

11. Article XIII of the 1996-2001 agreement and Article 27 of the 2001-2006 agreement establish three categories of bargaining unit employees: "Warehouse Person", "Selector", and "Picker-Packer."

12. "Warehouse Persons" handle stock that is delivered to and shipped from the warehouse, and also load and unload trucks. "Selectors" select product located on the warehouse floor, while "Picker-Packers" handle the shipping and receiving and packaging of merchandise.

13. Article VII of the 1996-2001 agreement and Article 15 of the 2001-2006 agreement contain the following language regarding pension contributions:

> This Pension Article shall supersede and prevail over any other inconsistent provisions or articles contained within this agreement.
> Commencing with the first day of September [1996 or 2001], and for the duration of the current collective bargaining agreement, between Local Union [#829 or #25] and the Employer, and any renewals or extensions thereof, the Employer agrees to make payments to the New England Teamsters and Trucking Industry Pension Fund for each and every employee performing work within the scope of and/or covered by this collective bargaining agreement, whether such employee is a regular, probationary, temporary or casual employee, irrespective of his status as a member or non-member of the Local Union, from the first hour of employment subject to this collective bargaining agreement.

14. Article VII of the 1996-2001 agreement and Article 15 of the 2001-2006 agreement both prohibit oral modifications of the written agreement, and provide that should such an oral agreement be made by the union or the employer, the oral agreement shall not be binding on the bargaining unit

employees or on the Trustees of the New England Teamsters and Trucking Industry Pension Fund.

15. USCO supplements the daily work force through the use of temporary employees supplied to USCO by a staffing agency.

16. The temporary employees USCO leases from temporary staffing agencies perform work that is also performed by members of Local 25's bargaining unit at USCO's Franklin, Massachusetts warehouse facility; specifically, they perform the same tasks as those performed by the Warehouse Persons, Selectors, and Picker-Packers, including stocking of merchandise, selecting product, loading and unloading trucks, and other shipping and receiving tasks.

17. Article 10 of the 2001-2006 agreement provides that if USCO uses temporary employees in any given day, it will offer a certain amount of voluntary overtime to the bargaining unit employees based upon the number of temporary employees used on a particular day.

18. I have never entered into any oral or written agreements with USCO on behalf of Local 829 or Local 25 to modify the terms of the pension language found in Article VII of the 1996-2001 agreement or in Article 15 of the 2001-2006 agreement.

19. I have never agreed that pension contributions for temporary employees supplied by a staffing agency are not required by either the 1996-2001 or 2001-2006 collective bargaining agreements, but rather have always taken the position that such contributions are required.

20. During the most recent round of collective bargaining negotiations that resulted in the 2001-2006 agreement, USCO's chief negotiator, Eric Peterson, requested that the Union agree to change the language found in the pension provision to eliminate the requirement that USCO make contributions for temporary employees for each hour worked at USCO. The Union took the position that it would not agree to change the language found in the Pension provision.

21. Article III of the 1996-2001 agreement and Article 5 of the 2001-2006 agreement provide that all new employees shall be on a "Temporary" or "Probationary" basis for a period of thirty working days, and that the completion of thirty consecutive working days qualifies one as a "Regular Employee" and a member of the Union.

22. During negotiations for both the 1996-2001 and 2001-2006 agreements, the Union took the position that should USCO allow a temporary employee supplied by a temporary agency to work thirty consecutive working days, then that individual would become a Regular bargaining unit employee and a member of the Union.

23. To date, USCO has never allowed a temporary employee supplied by a temporary staffing agency to work thirty consecutive working days so as to become a Regular employee and member of the Union.

24. There is no other classification of employee who is working or has worked at USCO's warehouse who is considered to be a "temporary employee" other than the employees supplied to USCO by temporary staffing agencies.

SIGNED UNDER THE PENALTIES OF PERJURY THIS _____ DAY OF OCTOBER, 2004.

_____
Arthur J. Lazazzero