UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES LANGONE, as FUND MANAGER )
of the NEW ENGLAND TEAMSTERS AND )
TRUCKING INDUSTRY PENSION FUND )
)
Plaintiff, )
v. )
)   C.A. No. 04cv10041 PBS
USCO DISTRIBUTION SERVICES, INC., )
a/k/a USCO LOGISTICS SERVICES, INC. )
)
Defendant. )

## SUPPLEMENTAL STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1. During the most recent round of collective bargaining negotiations that resulted in the 2001-2006 agreement, USCO's chief negotiator, Eric Peterson, requested that Teamsters Local 25 ("Union") agree to change the language found in the pension provision to eliminate the requirement that USCO make contributions for temporary employees for each hour worked at USCO. Arthur Lazazzero took the position that the Union would not agree to change the language found in the Pension provision. (Second Aff. of Arthur J. Lazazzero, ¶ 3).

2. During negotiations for the 2001-2006 agreement, the parties made no changes to the pension language. The pension language is identical to that found in the 1996-2001 agreement. (Second Aff. of Arthur J. Lazazzero, ¶ 4).

3. During negotiations for the 2001-2006 agreement, the parties added the language found in Article 10 of the agreement, titled "Use of Temporary Workers and Overtime." (Second Aff. of Arthur J. Lazazzero, ¶ 5).

4. During negotiations for the 2001-2006 agreement, whereby the language found in Article 10 was added to the agreement, there was no discussion whatsoever between the parties regarding whether to use the phrase "temporary workers" rather than "temporary employees" when referring to those employees supplied by an outside temporary staffing agency to USCO. (Second Aff. of Arthur J. Lazazzero, ¶ 6).

5. At no point during the negotiations for the 2001-2006 agreement, whereby Article 10, "Use of Temporary Workers and Overtime" was added to the agreement, did Eric Peterson or anyone else representing USCO state or imply that the term "temporary worker" should be used so as to distinguish those employees supplied by a temporary staffing agency from the "probationary employees" described in Article 5 of the agreement, or from the "temporary employees" described in Article 15, the pension provision. (Second Aff. of Arthur J. Lazazzero, ¶ 7).

6. During the last round of collective bargaining negotiations, there was no discussion concerning the meaning of the phrase "temporary employees" as that term is used in Article 15 of the current collective bargaining agreement. (Second Affidavit of Jonathan M. Conti Aff., ¶ 3, Exh. B, pp. 16-17; First Conti Aff. ¶ 2, Exh. 1, p. 32).

7. The only individuals referred to as "temporary employees" or "temps" by the parties since Arthur Lazazzero has been representing the Union are those individuals supplied to USCO by a temporary staffing agency. (Second Aff. of Arthur J. Lazazzero, ¶ 8).

8. The parties have never used the term "temporary employee" interchangeably with the term "probationary employee." "Temporary employees" are those employees supplied by a temporary staffing agency, while "probationary employees" are those employees hired directly by USCO with the intention of hiring them as permanent or regular employees at the conclusion of the probationary period described in Article 5 of the agreement. (Second Aff. of Arthur J. Lazazzero, ¶ 9).

9. The temporary employees supplied to USCO by outside staffing agencies unload product, label and ticket product, and re-box product. All of these tasks have previously been performed by the bargaining unit employees and continue to be performed by the bargaining unit today. (Second Affidavit of Robert M. Rocha, ¶ 3).

10. Bargaining unit employees have never refused to perform any of the work done by temporary employees supplied to USCO by an outside staffing agency. Bargaining unit employees have always unloaded product, labeled or ticketed product, and re-boxed product as part of their job duties. (Second Affidavit of Robert M. Rocha, ¶ 4).

11. Steven Cooke and Bill Glover spend as much time overseeing and supervising the work of the temporary employees supplied by outside staffing agencies as

they do overseeing and supervising the work of the bargaining unit employees. (Second Affidavit of Robert M. Rocha, ¶ 5).

12. Several temporary employees supplied by outside staffing agencies have worked at USCO's Forge Park warehouse in Franklin, Massachusetts for periods lasting more than thirty days, and for as long as sixty days. (Second Affidavit of Robert M. Rocha, ¶ 6).

13. When USCO needs temporary employees, either Steven Cooke or another USCO supervisor calls the temporary staffing agency and requests a certain number of temporary employees. USCO informs the agency of the date the temporary employees are needed and the type of work that is involved. (Second Aff. of Jonathan M. Conti, ¶ 2, Exh. A, pp. 18-21).

14. Temporary employees supplied to USCO by temporary staffing agencies work from 10:00 a.m. to 4:00 p.m., a shift that overlaps with the shift hours worked by the bargaining unit employees. (First Conti. Aff., ¶ 2, Exh. 1, p. 30).

15. Pursuant to Section 1.3 of the agreement between USCO and Adecco North America LLC, titled "Agreement to Furnish Employees", Adecco shall schedule temporary employees "to work in coordination with the business needs of USCO, which shall be communicated to [Adecco] by USCO." (Conti Aff., ¶ 3, Exh. 2).

16. Pursuant to Section 1.5 of the agreement between USCO and Adecco North America LLC, titled "Agreement to Furnish Employees", Adecco shall "immediately remove any [temporary employee] from assignment to USCO for any reason at USCO's request." (Conti Aff., ¶ 3, Exh. 2).

Dated: November 5, 2004                    Respectfully submitted

                                                   For the Plaintiff
                                                   By His Attorneys,

                                                 Catherine M. Campbell (BBO #549397)
                                                 Jonathan M. Conti (BBO # 657163)
                                                 FEINBERG, CAMPBELL & ZACK, P.C.
                                                 177 Milk Street
                                                 Boston, MA 02109
                                                 (617) 338-1976